104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Julius LYNES, Petitioner-Appellant,
v.
Robert MITCHELL, Superintendent, Eastern Correctional
Facility, Respondent-Appellee.
 No. 95-2388.
 United States Court of Appeals, Second Circuit.
 Dec. 4, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., Judge).
 APPEARING FOR APPELLANT: Russell H. Baller, Albany, N.Y.
 APPEARING FOR APPELLEE:Monica R. Jacobson, N.Y. State
 Before NEWMAN, Chief Judge, and OAKES and WINTER, Circuit Judges. Atty. Gen. Office, New York, N.Y.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Julius Lynes appeals from the May 10, 1995, judgment of the District Court dismissing his petition for a writ of habeas corpus after his conviction in the Supreme Court of the State of New York on two counts of burglary. Lynes contends that his rights under the Sixth Amendment to be present at a pre-trial hearing were violated because he was not present during the testimony of an identification witness. Because the petitioner waived his right to be present at the hearing, we affirm.
 
 
 4
 The pretrial hearing was a joint Wade/Huntley hearing at which the trial court ruled on both the admissibility of a statement made by the petitioner to the arresting police officers and a station house identification by one of the burglary victims.
 
 
 5
 The petitioner was present during the testimony of the police officers. However, after a sidebar conference, and just before the identification witness took the stand, the petitioner was removed from the courtroom. No explanation for the removal was made on the record.
 
 
 6
 After the petitioner was removed, the trial judge heard the testimony of the witness, and then ruled that the statement made to the police officers would be admitted, and that the station house identification would be excluded. The judge additionally ruled that the witness's brief encounter of the burglar during the burglary created an independent source of identification to permit the witness to make an in-court identification. At trial, the petitioner maintained that he had been misidentified.
 
 
 7
 Seven weeks after the hearing, the petitioner wrote a pro se letter to the state trial court, asking for reargument on the motions and for a new lawyer. In that letter, the petitioner stated that his lawyer did not want him present during the testimony of the witness, but that he "thought [he'd] be taken out for a minute or so but instead, [he] was never reproduced back into the courtroom." Thereafter, in the Traverse to Return in the District Court proceeding, the petitioner again conceded that his absence was "informed," and that he intended his absence to be only during the testimony of the identification witness.
 
 
 8
 Although a criminal defendant has a constitutional right to be present during all stages of his trial, that right may be waived. United States v, Fontanez, 878 F.2d 33, 35 (2d Cir.1989). An effective waiver must be both knowing and voluntary, id., and may be revealed either in the record of the proceedings or by "an allegation and evidence" that the accused was advised of and waived his right to be present, United States v. Nichols, 56 F.3d 403, 417 (2d Cir.1995) (citing Carnley v. Cochran, 369 U.S. 506, 516 (1962)).
 
 
 9
 Here, Lynes has admitted on two occasions that he voluntarily and knowingly waived his right to be present during the testimony of the identification witness. Despite the silence of the hearing transcript, the quality of evidence created by Lynes's own post-hearing admissions establishes both the existence and the validity of a waiver of the right to be present at the hearing.
 
 
 10
 The decision of the District Court dismissing the petition for a writ of habeas corpus is affirmed.